Martin vs. Mitchell.

## MARTIN *vs.* MITCHELL.

1. On the trial of a caveat, the court having put to the jurors the question, whether they had formed and expressed an opinion as to which party ought to prevail, was requested by the caveator to ask those of them who answered this question, yes, the further question, what was the foundation of their opinion; and the court refused to put this further question.

*Held,* That such refusal was not a sufficient ground for a new trial.

2. A person who, by a release, has freed himself from all interest on the event of the suit, is competent as a witness.

3. It is sufficient that the will of a person nearly blind, is read to him; it is not necessary that the reading should be in the presence of the witnesses.

4. That a jury may not think the provisions of a will, morally right, is not sufficient to authorize them to set the will aside.

5. A juror, during the progress of the trial, slept one night in the same room with one of the counsel for the prevailing party, but it was a room in a tavern, and the only spare lodging place left; he paid his own expense; slept in the same bed with the sheriff; there was no conversation about the case; and there was evidence quite sufficient to support the verdict.

*Held,* That this was not a sufficient cause for setting aside the verdict.

Caveat to Will, in Jackson Superior Court. Tried before Judge HUTCHINS, September, 1858.

This was an appeal from the court of ordinary admitting to probate a paper, propounded as the last will and

testament of William D. Martin, deceased. At the trial in the Superior Court, counsel for propounder moved that the grand jury be brought into court and purged. This motion was not resisted, and the grand jury were ordered to be brought in, and each juror sworn on his *voir dire.* To each, the following questions were asked: "Have you formed and expressed an opinion as to which party ought to prevail in this cause?" and, "have you any wish or desire as to which party ought to succeed in this cause?" Counsel for the caveators moved the court to ask the jurors, upon their answering the first question in the affirmative, the further and additional question, "what was the source or foundation of that opinion?" The court refused to ask such additional question, and this constitutes the ground of caveator's first exception.

After the jury was selected, propounder opened his case, and called as a witness John McCulloch. Caveators objected to his being sworn, upon the ground that he wrote the will and his wife took a legacy under it. Propounders offered a release signed by McCulloch and wife, conveying their interest under said will to their children, and a resignation of his office of trustee of the Academy and Church in the village of Jefferson, to which legacies were given by said will. The court therefore ruled the witness competent, and he was sworn and testified. To which decision caveators excepted.

After the testimony was closed, counsel for caveators requested the court to charge the jury, that if the testator was unable to read from blindness or any other cause, the will must be read once before witnesses and acknowledged, in their presence, by the testator, or there must be otherwise sufficient proof of his knowledge of the contents of the paper, which the court charged, except that the will need not be read to or before the witnesses.

Counsel for caveators further requested the court to charge the jury, that in considering the capacity of the

Martin vs. Mitchell.

testator and the question of undue influence, it was competent for them to consider the provisions of the will in regard to their unreasonableness and violation of good sense and the usual impulses of the human heart. This the court refused, but charged the jury, "that in considering the evidence of capacity, they may look to the provisions of the will to ascertain whether it is consistent with reason and is the offspring of a sane mind, but not for the purpose of deciding whether the bequests are right or wrong in their opinion."

To which charge and refusal to charge counsel for caveators excepted.

The jury found for the propounder, whereupon caveators moved for a new trial, on the ground that one of the jury who had the case in charge, and before the same was terminated—the trial having occupied more than one day—remained all night at a hotel, in the village, belonging to one of the legatees under said will, and slept in the room occupied by Gabriel Nash, Esquire, one of the attorneys for the propounder.

There was another ground for a new trial, but it was abandoned by counsel for caveators.

The court refused the motion for a new trial, and caveators excepted, and assign as error all the rulings, charges, refusals to charge and decisions before excepted to.

HILLYER, and OVERBY, for plaintiff in error.

W. H. HULL, and T. R. R. COBB, contra.

By the Court.—BENNING, J., delivering the opinion.

We rather think that the court below was right, in refusing the request of the caveator's counsel, to ask the jurors answering the first question put to them, in the affirmative, the additional question, what was "the source or foundation of that opinion?" We rather think, that,

by our law, as it is now, the formation and expression of an opinion, by a person, that one of the parties ought to prevail over the other, is, in all cases, a disqualification to him, as a juror. By our law, as it is now, the jury are sworn to decide according to the evidence. By the old law, a juror might decide on his own private knowledge; and, indeed, he was deemed the best juror, who had private knowledge of the case, who was a *witness*. Hence, it was, that jurors were taken from the vicinage.

But it is not necessary to decide this question. The effect of not putting the proposed question was merely, to exclude the juror, and to substitute for him another juror who had not expressed any opinion at all, whether an opinion founded on personal knowledge, or one on something else. Now, to such a juror there could be no objection. He would at least be as good a juror as the other could have been.

Then suppose the case was, that the jurors formed and expressed an opinion, was an opinion against the caveator. Would the rejection of such a juror be a ground on which *he* could found an objection ? Certainly not. And it does not appear in whose favor their formed and expressed opinions were.

[1.] We think, then, that this is not a sufficient ground for a new trial.

[2.] The release executed by McCulloch and his wife freed him from all interest in the event of the suit. And that was enough to make him competent as a witness. The fact that the release was to his children, was a fact to affect his credit only. This is too well settled to be questioned.

[3.] We think that the qualification made by the court, to the charge first requested, was proper. It is sufficient, if a will be read to a blind man; it is not necessary that the reading should be in the presence of the witnesses to the will. The statute of frauds does not go that far.

Martin vs. Mitchell.

[4.] In the refusal of the second request to charge, and in the charge given in lieu of that request, we understand the court, merely to have let the jury know, that, although they might deem the making of such a will as the one before them morally wrong, yet that their so deeming it would not authorize them to find the will a void will. And thus understanding the court, we see nothing amiss in what the court said and refused to say. A man, in making his will, is not bound to square its provisions, by the opinion which others may entertain of their morality or justice.

[5.] There was nothing to excite suspicion in the fact that one of the jurors slept in the same room with one of the counsel for the prevailing party. The room was in a public tavern; there was no conversation about the case; the juror slept in the same bed with the sheriff; that was the only spare lodging place in the tavern; the cost of the lodging was defrayed by the juror himself; the evidence was quite sufficient to justify the verdict. Still, it is but proper to say, that even such conjunctions are to be regretted; and that they ought to be carefully scrutinized.

Judgment affirmed.