Chapin *v.* Miner.

WILLIAM M. CHAPIN & another, executors, *vs.* MILES MINER.

Under the Gen. Sts. *c.* 117, § 25, and notwithstanding *c.* 92, § 20, it is within the discretion of this court to order that no costs shall be awarded to either party upon an appeal from the probate of a will, although the issue is upon the sanity of the testator and is found by a jury against the appellant.

APPEAL by the father of Edward G. Miner from a decree of the Probate Court, admitting to probate his will and codicil.

One reason of appeal was that the testator, at the times of executing the will and the codicil, was not of sound and disposing

mind and memory. *Colt*, J., deeming it proper to submit to the jury the facts involved in this reason of appeal, a trial by jury was had upon the issues whether the testator, at the times of executing the will and codicil respectively, was of sound and disposing mind and memory, and the jury having found in the affirmative upon both issues, the judge ordered the decree of the Probate Court to be affirmed.

The appellees, the executors named in the will, thereupon moved for an order that the expenses of the trial of these issues should be paid by the appellant, the same having been found against him. But the judge declined so to order, and ordered that no costs should be awarded to either party. To this order the appellees alleged exceptions.

*H. L. Dawes*, for the appellees.

*M. Wilcox*, for the appellant.

GRAY, C. J. The appellees rely upon the Gen. Sts. *c.* 92, § 20, which provide that " upon an appeal from the probate of a will, if it appears from the reasons of appeal that the sanity of the testator or the attestation of the witnesses in his presence is in controversy, the Supreme Judicial Court may for the determination thereof direct a real or feigned issue to be tried by a jury in the same court, at the expense of the appellant if the issue is found against him."

But that provision has never been understood as controlling the discretion of the court in the taxation of costs upon probate appeals. It is a reënactment of the Rev. Sts. *c.* 62, § 16, and was derived from the Sts. of 1817, *c.* 190, § 7, and 1783, *c.* 46, § 4, each of which also provided that " the Supreme Court of Probate may assess reasonable costs in all cases that may be brought before them by way of appeal from the respective judges of probate."

The St. of 1817, *c.* 190, § 44, further provided that " the Supreme Court of Probate and the judges of probate respectively may in their discretion award reasonable costs to either or both parties in all those cases where justice shall require it." And that provision has been since extended so as to authorize costs to be awarded, at the discretion of the court, " to either

party, to be paid by the other, or to either or both parties, to be paid out of the estate which is the subject of the controversy, as justice and equity shall require." Rev. Sts. *c.* 83, § 47, and commissioners' notes. Gen. Sts. *c.* 117, § 25.

It was therefore within the discretion of the justice of this court, before whom the hearing was had, to order that no costs should be taxed to either party, in accordance with the general rule in probate causes. *Osgood* v. *Breed*, 12 Mass. 525. *Woodbury* v. *Obear*, 7 Gray, 467. *Waters* v. *Stickney*, 12 Allen, 1. And that discretion is not open to revision upon bill of exceptions.                    *Exceptions overruled.*