JANE F. RILEY *vs.* JOHANA A. MURPHY & others.

Suffolk.   November 13, 1928. — January 2, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Will,* Revocation. *Marriage and Divorce. Evidence,* Of marriage, Presumptions and burden of proof. *Husband and Wife. Probate Court,* Findings by judge, Appeal.

While, upon an appeal from a decree of a probate court, it is the duty of this court to review evidence, in part oral, taken and reported by a stenographer appointed under G. L. c. 215, § 18, findings made by the judge of probate will not be set aside unless plainly wrong.

At the hearing in a probate court of a petition for proof of a will alleged to have been made in 1916 by a woman who died in 1923, there was introduced in evidence a certified copy of the record of a ceremonial marriage between the woman and a man in 1917 before a justice of the peace.   There was evidence that about 1890 the woman said she had been married to the man at a certain church; that she was then living with him; that they continued to live together as husband and wife until her death; that they always conducted themselves and held themselves out as husband and wife; that such always was their general reputation in the community; and that a search of the marriage records of the church disclosed no record of any marriage between them.   The judge found that the parties were married previous to the execution of the alleged will and a decree was entered admitting it to probate.   *Held,* that

(1) Although the marriage certificate was *prima facie* evidence of the facts recorded, there was adequate evidence to support the finding, which, on all the evidence and under G. L. c. 207, § 47, could not be · said to be plainly wrong and must stand;

(2) Upon such finding, the ceremonial marriage did not revoke the will;.

(3) The decree was proper.

PETITION, filed in the Probate Court for the county of Suffolk on May 4, 1927, for proof of the will of Ellen E. G. Riley, late of Boston.

The petitioner prayed that letters of administration with the will annexed might be issued to her, the executor nominated in the will having died.   The petition was heard by *Dolan,* J., a stenographer having been appointed under ·

G. L. c. 215, § 18, to take the evidence. Material facts found by the judge are stated in the opinion. He also found that the other half of the double house occupied by the testatrix and Riley was occupied by one of the testatrix's sisters and her family. By his order a decree was entered in favor of the petitioner, and the respondents, who were next of kin of the deceased, appealed.

The case was submitted on briefs.

*F. G. Katzmann,* for the respondents.

*W. F. Donovan & S. Sigilman,* for the petitioner.

SANDERSON, J. This is an appeal from a decree of the Probate Court allowing the will of Ellen E. G. Riley. The testatrix, whose maiden name was Crane, died March 10, 1923, leaving a husband, and as her only heirs at law and next of kin her sister, Johana A. Murphy, and six nieces and nephews; the husband has since deceased. In her will, dated April 18, 1916, she referred to Frederick J. Riley as her husband, and gave him her real estate and all her personal property, stating therein that she intentionally omitted all relatives as beneficiaries. Frederick J. Riley executed a similar will in her favor on the same day, describing her as his wife. The contention of the appellants is that the testatrix and Frederick J. Riley were not married until after the execution of the will, and that, as it did not appear from the will itself that it was made in contemplation of marriage, it was revoked by the subsequent marriage of the testatrix. G. L. c. 191, § 9.

A certified copy of the marriage records of Boston recited that the testatrix and Riley were married on April 16, 1917; this was a ceremonial marriage performed by a justice of the peace. The evidence is reported. Upon it the judge of probate found that about 1890 the testatrix told her sister that she was married to Fred Riley and asked the sister to come to see her. She was then living with Riley and they continued to live together as husband and wife to the date of her death, a period of about thirty-three years. She always spoke of Riley as her husband and held herself out as his wife. They occupied one half of a double house for a period of about six years. They conducted themselves as

husband and wife and all the members of the testatrix's family and their neighbors received them as having that relationship, and believed them to be husband and wife, and such was their general reputation in the community consistently and uniformly. The testatrix opened accounts in savings banks in the name of Ellen E. G. Riley, giving her husband's name as Frederick Riley in two instances, as F. J. Riley in another, and in one or more accounts which had been opened in her maiden name she had the account changed to the name of Riley. She told one witness that she was married at the Cathedral of the Holy Cross, in Boston.

The judge found that the testatrix was married to Frederick J. Riley prior to the date of the execution of the instrument presented for probate, and entered a decree allowing that instrument as the last will and testament of the deceased. If that finding stands the ceremonial marriage on April 16, 1917, could not revoke the will.

Frederick J. Riley survived the testatrix and brought a petition for probate of the instrument in question but, before its adjudication, he died. The present petition is brought by the sister of Frederick J. Riley, who is also administratrix of his estate. The sister and six nephews and nieces of the testatrix are contestants.

G. L. c. 207, § 47 provides: "Marriage may be proved by evidence of an admission thereof by an adverse party, by evidence of general repute or of cohabitation of the parties as married persons, or of any other fact from which it may be inferred."

It is the duty of this court to review the evidence, but the findings of the judge being based in part on oral testimony will not be set aside unless plainly wrong. *Finer* v. *Steuer*, 255 Mass. 611, 622. *French* v. *Bray*, 263 Mass. 121, 123.

Evidence tending to prove marriage is not necessarily rebutted by documentary evidence of a subsequent marriage. The certificate of the registrar is *prima facie* evidence of the facts recorded. G. L. c. 46, § 19. When a *prima facie* case is met by other evidence to the contrary the "evidence is to be considered as a whole and the truth ascertained as in

other cases of contradictory evidence." *Chandler* v. *Prince,* 217 Mass. 451, 455. If the probate judge in considering the evidence as a whole concluded that greater weight was to be attached to the evidence conflicting with the certificate, this court cannot say he was plainly wrong since the evidence afforded adequate ground for his conclusion.

It was agreed by counsel that if a certain witness were called he would testify that he had searched the records of the marriage register of the Cathedral of the Holy Cross from 1875 to 1917 and had found therein no record of a marriage between Frederick Riley and Ellen Crane. This evidence is negative in character and its weight was for the probate judge. It cannot therefore be said that he was plainly wrong in attaching greater weight to other evidence. We discover no reversible error in the trial.

*Decree affirmed.*