HENRY J. COLLIS *vs.* BENJAMIN WALKER.

Bristol.    October 29, 1929. — June 30, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Will,* Validity: of blind person. *Witness. Rule against Perpetuities. Probate Court,* Costs.

A blind person may make a will.

Evidence, at the hearing of a petition for allowance of a will of a blind man, to the effect that the will was drafted precisely in conformity to instructions given by the testator; that it was read to him both before and after its execution; that he understood, approved and adopted the contents of the instrument which he signed as and for his last will; and that there was compliance with every formality required by the law as to signing and attestation, warranted a decree allowing the will.

A contention of the respondent at such hearing that the witnesses to the will were incompetent because they were a husband and wife and their minor son was without foundation.

Whether a contention, that certain provisions of a will violated the rule against perpetuities, was open on a petition for allowance of a will, *was stated* to be open to grave doubt.

A phrase, "After the payment of my just debts and funeral charges," prefacing the clauses of a will whereby the property is disposed of by legacies and devises, did not violate the rule against perpetuities.

A motion in this court under G. L. c. 215, § 45, for allowance of costs to one nominated in a will as executor, presented at the hearing of an appeal by contestant from a decree allowing the will, was denied, it not appearing that the case presented features requiring a modification of the general rule that in probate cases of such nature no costs should be taxed to either party.

PETITION, filed in the Probate Court for the county of Bristol on December 11, 1928, for allowance of the will of Louis B. Walker, late of Taunton.

The petition was heard by *Hitch,* J. Material evidence is stated in the opinion. From a decree allowing the will, the respondent appealed.

*J. L. Sheehan,* for the respondent.

*F. A. Revelle,* (*J. B. Tracy* & *F. A. Tracy* with her,) for the petitioner.

RUGG, C.J. This is an appeal from a decree of a probate court allowing the will of Louis B. Walker. Pursuant to request of the contestant, the trial judge filed his findings of material facts. These findings in substance were that the testator was blind and had been for many years, but was capable of going about and transacting business. He went to the office of a friend and attorney for the purpose of having his will drawn. Notes were taken of his statement as to his testamentary wishes. From these notes the draft of the will was drawn. It then was read to the testator, who understood and approved it. The testator then signed it as and for his last will in the presence of three witnesses, who thereafter signed it in his presence where he could have seen them if he had not been blind. He was conscious that they were signing as witnesses to the will in his presence, and they knew they were signing it as witnesses. After the will had been executed, it was read again to the testator. The will was duly executed and the testator was of full age and sound mind. The will was his free and voluntary act and was not the result of any undue influence practised upon him.

These findings made by the trial judge upon oral evidence and after observing the witnesses will not be reversed unless plainly wrong. In cases of this nature an appeal from a probate court with full report of the evidence conforms to the practice in equity. That familiar rule is followed. *Drew* v. *Drew*, 250 Mass. 41, 44. *Finer* v. *Steuer*, 255 Mass. 611, 622. *Riley* v. *Murphy*, 265 Mass. 420.

The testimony need not be narrated. A careful examination of all the evidence reported shows that the findings of fact were not plainly wrong but were amply warranted. The circumstance that the testator was blind did not affect his testamentary capacity. It only required that care be exercised in making certain that the instrument submitted for his signature stated his testamentary design and disposed of his property as he desired, and that suitable safeguards be exercised to prevent any trick, deception or imposition being practised on him. A blind person may make

a will.   In some respects an intelligent blind person is less subject to limitations as to the execution of written instruments than one who can neither read nor write.   G. L. c. 191, § 1.   *Riggs* v. *Riggs,* 135 Mass. 238, 241.   *Edwards* v. *Fincham,* 4 Moore P. C. 198, 206.   *Guthrie* v. *Price,* 23 Ark. 396, 404–406, 408.   *Martin* v. *Mitchell,* 28 Ga. 382, 385.   *Pickett's Will,* 49 Ore. 127, 138–140.   *Ray* v. *Hill,* 3 Strobh. 297, 302.   *Welch* v. *Kirby,* 166 C. C. A. 527.

In the present case there was categorical testimony to the effect that the will was drafted precisely in conformity to instructions given by the testator; that it was read to him both before and after its execution; that he understood, approved and adopted the contents of the instrument which he signed as and for his last will, and that there was compliance with every formality required by the law as to signing and attestation.   *Richardson* v. *Richards,* 226 Mass. 240, 245.

The contention of the respondent that the witnesses to the will were incompetent because they were a husband and wife and their minor son is without foundation.   No law prevents all three witnesses to a will being closely related by blood or marriage if otherwise qualified.   G. L. c. 191, § 2.

The evidence as to undue influence need not be stated. There was strong support in the testimony for the finding made by the trial judge.   The burden of proof was on the contestant to show undue influence.   *Neill* v. *Brackett,* 234 Mass. 367, 369–370.   *Brackett* v. *Harris,* 263 Mass. 334, 338.   It could hardly have been ruled in any event that that burden had been sustained.   *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452–453.

The contestant further argues that the phrase of the will, "After the payment of my just debts and funeral charges," prefacing the clauses whereby the property is disposed of by legacies and devises, violates the rule against perpetuities.   It is open to grave doubt whether that question is open on a petition for the allowance of the will. However that may be, there is nothing in the contention. Such a clause adds nothing to the duty imposed upon all

executors by law. It does not enlarge the rights of creditors, nor limit the rights of devisees and legatees. It does not postpone or affect the time when property vests under the will. It does not refer to the time of vesting, but simply recognizes that the amount due beneficiaries may be diminished to the extent of those charges. It has to do with the quantum and not with limitations of the estates created by the will. There is nothing contrary to this in Gray, Rule against Perpetuities, (3 ed.) § 415.

The executor filed a motion in this court for allowance of costs under G. L. c. 215, § 45. It was said by Chief Justice Gray in *Chapin* v. *Miner*, 112 Mass. 269, 271, to be the general rule in probate cases of this nature that no costs should be taxed to either party. *Chenery* v. *Davis*, 16 Gray, 89, 91. See *Conley* v. *Fenelon*, 266 Mass. 340. That general rule has not been changed by statute or by practice. This case does not present features requiring a modification of that general rule.

*Decree affirmed.*
*Motion for costs denied.*