Louis A. Olney *vs.* William T. Sheppard.

Middlesex.   May 19, 1931. — May 27, 1931.

Present: Rugg, C.J., Carroll, Wait, & Field, JJ.

*Probate Court,* Costs and expenses, Decision by judge, Appeal.

A judge of probate, after hearing a petition for an allowance to the petitioner under G. L. c. 215, § 45, of his costs and expenses in contesting unsuccessfully the probate of a will, filed a decision in which he reviewed at some length the question of law, whether the petitioner was entitled to such costs and expenses, and, after stating that the contest of the will had resulted in expense and no benefit to the estate and had delayed the settlement thereof, stated that he was "constrained as matter of law and as a matter of discretion to deny" the petition. *Held,* that

(1) The meaning of the decision of the judge of probate was not that the reasons for exercising judicial discretion against the petitioner were the adjudications reviewed and the interpretation thereof constituting the discussion of law set forth in the decision, but that the reason was the further one set forth therein;

(2) The petitioner was not entitled as of absolute right to such costs and expenses;

(3) It was not improper for the judge to combine in his decision a ruling of law and an exercise of discretion, and his decision was not to be reversed if it was proper either as matter of law or as matter of discretion;

(4) No abuse of discretion appeared;

(5) It was unnecessary to determine whether the ruling of law was correct;

(6) The denial of the petition was affirmed.

Petition, filed in the Probate Court for the county of Middlesex on December 18, 1930, for an allowance to the petitioner under G. L. c. 215, § 45, of his costs and expenses in contesting the probate of the will of Ellen M. Holden, late of Billerica.

The petition was heard by *Harris,* J., and was denied. The petitioner appealed. The judge's decision is described in the opinion.

*F. M. Qua,* for the petitioner.

*M. J. Cohen,* for the respondent.

RUGG, C.J.  An unsuccessful contestant against the proof of a will filed a petition for payment to him of costs and expenses incurred by him in such contest.  The petitioner was the person named as executor of a prior will of the decedent.  The petition was denied after a hearing, and an appeal was taken.  A report of the material facts is embodied in a decision filed by the trial judge.  That decision is largely devoted to the consideration of the question of law whether the petitioner was a person entitled to contest the allowance of the will which, after a considerable discussion, was answered in the negative.  The decision concludes in these words: "Obviously, the contest has resulted in no benefit to the estate nor to any person concerned therein, but, on the contrary, has entailed an expense upon the proponent of the will probably equal to, if not greater than, the expenses incurred by the contestant, besides delaying the settlement of the estate.  For the foregoing reasons, I am constrained as matter of law and as a matter of discretion to deny the contestant's application for costs and expenses."

Although the two sentences just quoted constitute a small portion of the decision of the trial judge as it appears on the printed record, they state grounds for the exercise of discretion and an assertion that his conclusion rests upon the exercise of judicial discretion as well as upon a ruling of law.  Fairly construed the meaning is, not that the reasons for exercising judicial discretion against the petitioner are the adjudications reviewed and the interpretation thereof constituting the discussion of law set forth in the decision, but that the reason is the brief one there set forth.

The petitioner bases his contention on the provisions of G. L. c. 215, § 45: "In contested cases before a probate court or before the supreme judicial court on appeal, costs and expenses in the discretion of the court may be awarded to either party, to be paid by the other, or may be awarded to either or both parties, to be paid out of the estate which is the subject of the controversy, as justice and equity may require . . . ."  That statute confers no absolute right upon any party to the allowance of costs.  Costs are allowed

only when required by strong equitable considerations.  Concerning this section these words are found in *Collis* v. *Walker*, 272 Mass. 46, 49: "It was said by Chief Justice Gray in *Chapin* v. *Miner*, 112 Mass. 269, 271, to be the general rule in probate cases of this nature that no costs should be taxed to either party.  *Chenery* v. *Davis*, 16 Gray, 89, 91 . . . . That general rule has not been changed by statute or by practice.  This case does not present features requiring a modification of that general rule."  See *Conley* v. *Fenelon*, 266 Mass. 340.

The combination of statements of ruling of law and of exercise of discretion by a trial judge was not improper, and his ultimate decision will not be reversed, provided it can be sustained either as matter of law or as matter of discretion.  *Powdrell* v. *DuBois*, 274 Mass. 106, 109.

A consideration of the decision as a whole does not show any abuse of discretion.  *Davis* v. *Boston Elevated Railway*, 235 Mass. 482.  Although it might well have been stated with greater clarity, it is interpreted to mean that the judge in exercising his discretion against the petitioner determined that justice and equity did not require the allowance of costs and expenses as prayed for.  It is unnecessary to determine whether the ruling of law made by the trial judge was sound.

*Order denying petition affirmed.*