JOHN I. PRESTON & another *vs.* HARRY F. PECK.

Middlesex. March 9, 1932. — March 30, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Motion for hearing by another judge, Rehearing, Findings by judge, Appeal. *Will*, Execution. *Evidence*, Of handwriting.

Upon an appeal from a decree of a probate court allowing a will after a hearing at which the sole issue was, whether the testator's signature was forged, this court decided that it was error for the judge of probate, in the course of testimony by experts for the respondent that the signature on the will was not that of the testator, to rule that he had "made up" his mind and that he was satisfied that the will had been duly executed "regardless of what the expert witnesses" might say; and a rescript was sent reversing the decree, the case to stand for further hearing in the Probate Court. Thereafter the same judge denied a motion by the respondent that another judge be assigned to hear the case and heard it upon the testimony introduced at the first hearing and further testimony, a stenographer having been appointed under G. L. c. 215, § 18, as amended. Upon an appeal from a decree allowing the will, it was *held*, that

(1) There was no error in the judge's disposition of the respondent's motion that another judge be assigned nor in the manner of conducting the second hearing: it did not appear, and was not to be presumed, that the judge at the second hearing did not approach the matter before him with an open mind and with an ability and willingness to give to the additional evidence then presented the weight to which it was entitled;

(2) The conduct of the judge at the first hearing did not render inapplicable on the second appeal the rule that the judge's findings would not be reversed unless plainly wrong.

The evidence reported upon the second appeal above described included standards of the testator's handwriting, testimony by witnesses for the petitioner that the will was duly executed and conflicting testimony by experts as to whether the testator's signature was genuine, and it was *held*, that

(1) This court could not say that the standards and the signature on the will, with regard to which this court was in the same position as the judge of probate and was to consider them independently of his conclusions, so clearly demonstrated in themselves that the testator did not sign the will that no room was left for the consideration of oral testimony;

(2) This court could not say that the conclusion of the judge of probate was clearly wrong on all the evidence;

(3) The decree was affirmed.

PETITION, filed in the Probate Court for the county of Middlesex on June 17, 1929, for proof of the will of Nannie E. Wyman, late of Wakefield.

The case previously was before this court upon an appeal by the respondent from a decree allowing the will, which was entered by order of *Campbell*, J., after a hearing at which a stenographer was appointed under G. L. c. 215, § 18, as amended. In a decision reported in 271 Mass. 159, this court decided that it was error for the judge, in the course of testimony by experts for the respondent that the signature on the will was not that of the testatrix, to rule that he had "made up" his mind, that "no expert is going to change my opinion on that matter," and that he was "satisfied from the evidence produced, regardless of what the expert witnesses" might say, that the testatrix "signed the will in the presence of these three witnesses"; and the decree was reversed, the case to stand for further hearing in the Probate Court.

Thereafter, a petition by the respondent "to reopen for

hearing the petition for jury issues" was dismissed by *Beane*, J., and his order to this effect was affirmed on appeal by a decision reported in 275 Mass. 567.

The case subsequently came on for hearing again before *Campbell*, J. The judge denied a motion by the respondent that some other judge be designated. The stenographic record of the first hearing was introduced, and further evidence was heard, a stenographer having been appointed under G. L. c. 215, § 18, as amended. Material evidence is stated in the opinion. A decree was entered allowing the will. The respondent appealed.

*J. J. Butler*, for the respondent.

*A. H. Garcelon*, (*J. I. Preston* with him,) for the petitioners.

FIELD, J. This is an appeal from a decree of the Probate Court allowing an instrument as the last will and testament of Nannie E. Wyman. The evidence is reported. The sole contest relates to the due execution of the instrument, the appellant contending that the signature thereto was forged.

The case was heard in the Probate Court and a decree entered allowing the will. On appeal to this court the decree was reversed and the case ordered "to stand for further hearing." *Preston* v. *Peck*, 271 Mass. 159, 164. Thereafter the contestant's petition "to reopen for hearing the petition for jury issues" was dismissed and the order to this effect affirmed on appeal. *Preston* v. *Peck*, 275 Mass. 567.

When the case came on for further hearing before the probate judge who had held the earlier hearing the contestant moved that some other judge be designated to hear it. This motion was denied and the hearing proceeded upon the evidence introduced at the previous hearing and additional evidence presented for the first time. In this disposition of the motion and this manner of conducting the hearing there was no error. *Woodworth* v. *Woodworth*, 273 Mass. 402. See also *Dittemore* v. *Dickey*, 249 Mass. 95, 99–100. After this hearing a decree was entered again allowing the will and the contestant took the appeal now before us.

The decree allowing the will was proper. Where, as here, the case turns largely upon the credibility of witnesses and the relative weight of their testimony, the decision of the

probate judge will not be reversed unless plainly wrong. *Collis* v. *Walker*, 272 Mass. 46, 47. *Hogan* v. *Whittemore*, 278 Mass. 573. See also *Riley* v. *Murphy*, 265 Mass. 420. This rule is not rendered inapplicable to the present case by reason of the conduct of the judge at the previous hearing, which is described in the report of the case when it was here on appeal from the decree then entered. See *Preston* v. *Peck*, 271 Mass. 159. It does not appear, and is not to be presumed, that the judge at the later hearing did not approach the matter before him with an open mind — an ability and willingness to give to the additional evidence then presented the weight to which it was entitled. See *Dittemore* v. *Dickey*, 249 Mass. 95, 99–100.

The decree allowing the will imports a finding that it was duly executed, including a finding that it was signed by Nannie E. Wyman: that the signature thereto was not forged. There was evidence in the case which, if believed, amply supported such findings. Four witnesses, the lawyer who drew the will and the three attesting witnesses, testified to its due execution, each of them stating that he saw Mrs. Wyman sign the instrument. There was also evidence of a handwriting expert, called by the proponents of the will, that it was his opinion that the signature thereto was written by the person who wrote the signatures, admittedly Mrs. Wyman's, on certain exhibits in the case.

The contestant attacks the credibility of the direct testimony that Mrs. Wyman signed the instrument on the ground that it was improbable that she would make a will within a month after obtaining a divorce without telling the draftsman of the divorce and inquiring about her husband's rights to her property or would select this lawyer to draw her will and to become an executor thereof; on the ground that this lawyer was unfriendly to the contestant — the brother and only heir at law and next of kin of Mrs. Wyman, who took nothing under this will — and was personally interested, because of Mrs. Wyman's indebtedness to him, in being made executor of her will; and on the ground that the choice of attesting witnesses casts suspicion on the genuineness of the instrument. Without stating in detail the evidence

relied on to support these arguments or expressing any opinion as to the extent to which this evidence weakens the force of the testimony that the witnesses saw Mrs. Wyman sign the instrument, it is sufficient to say that it does not show that the judge was plainly wrong in accepting this testimony as true.

The principal argument, however, against the genuineness of the signature is based upon the signature itself. The will with its disputed signature and instruments bearing unquestioned signatures of Mrs. Wyman were before us as they were before the Probate Court, also photographs of the disputed signature and of the standards, some of them considerably enlarged. The disputed signature shows breaks in the lines forming the letters, occasional double strokes and considerable variation in the heaviness of the lines.

The contestant called two handwriting experts as witnesses. One of them expressed the opinion that the signature to the will was not written by Mrs. Wyman but was traced over one of the standards. His reason for this opinion was that the name written on the will conformed exactly to this standard in length, and in starting points in many places, and "had been written over and spliced in a number of places," indicating, as he thought, a lifting of the pen in order to follow the lines which were being traced. This witness testified also that in his opinion the ink of the signature was not oxidized enough to have been used in 1927, the purported date of the will, and was like the ink on the petition for probate which was filed in 1929, but there was also expert testimony to the effect that it was impossible to determine from the ink the length of time the signature had been on the paper. The other handwriting expert called by the contestant expressed the opinion that the signature was abnormal. He testified that it looked as if it "had been written over light and reinforced by somebody else afterwards," but that he did not know that this was the case. In his opinion the "patching" was done with a fountain pen. He said that he would not expect to find such a signature by a woman assumed to be fifty

years old, in good health and not excited, who, seated next to a flat top desk, wrote her name slowly without hesitation as an ordinary person would write and "nothing the matter with the pen that she used." These assumptions conform to evidence in the case except that there was no evidence as to the pen used by Mrs. Wyman, other than the testimony of one of the attesting witnesses that she used a fountain pen. The handwriting expert, called by the proponents of the will, who expressed the opinion that the disputed signature was Mrs. Wyman's, pointed out that some characteristics of this signature, relied on by the other expert witnesses as indicating that it was not written by her, appear in some of the standard signatures.

It is not necessary to set out the expert testimony in further detail. It stands no better on review than other oral evidence (compare *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 453), and findings, so far as based thereon, by the judge who saw and heard the witnesses, in accordance with the ordinary rule, will not be reversed unless plainly wrong. As to the disputed signatures and the admitted standards, however, apart from the testimonial explanation thereof, we are in the same position as was the probate judge and consider them independently of his conclusions. But so considered they do not so clearly demonstrate that Mrs. Wyman did not sign the instrument purporting to be her will that no room is left for the consideration of the oral evidence. We cannot say that on the evidence as a whole the judge was plainly wrong in his conclusion that the will was duly executed. The oral evidence offered adequate ground for this conclusion even as against doubt raised by the observable characteristics of the signatures. See *Riley* v. *Murphy,* 265 Mass. 420, 423.

*Decree affirmed.*