LOUIS W. MORIN vs. ALFRED MORIN & others.

Worcester.   January 3, 1955. — February 8, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Will*, Validity.  *Undue Influence.*  *Evidence*, Presumptions and burden of
proof.

One who contests a will on the ground of undue influence exercised upon
the testator has the burden of proving undue influence.
A finding in a contested will case that the purported will was procured
by undue influence of one of the testator's sons was warranted by
evidence that it was executed when the testator, who was unable to
read or write, was of advanced age, suffering from disease, and im-
paired mentally and in will power, that it named the son executor
and gave him substantially all of the testator's estate in disregard
of moral claims of some of his other six children, with all of whom
he had normal relations of love and affection, that at times he dis-
liked and distrusted the son and thought the son already had enough
property, that the purported will was drawn at the son's office by the
son's lawyer without the testator having any independent legal advice,
and that subsequently the son denied the making of the will.

PETITION, filed in the Probate Court for the county of
Worcester on March 1, 1950, for proof of the will of Charles
Morin, late of Fitchburg.

Jury issues were tried in the Superior Court before
*Meagher, J.*

*Philip J. Murphy,* (*Leo C. M. DesChenes* with him,) for
the proponent.

*Henry G. Bowen,* for the contestants.

LUMMUS, J.   After the decision in *Morin* v. *Morin*, 328
Mass. 33, the question of the validity of an alleged will of
Charles Morin, late of Fitchburg, was submitted to a jury
on the issues of soundness of mind of the alleged testator
and the alleged undue influence upon him of his son Louis W.
Morin, who was named as executor in the alleged will.   The
contestants are other children of the decedent.   The jury

found that Charles Morin was of sound mind when the alleged will was executed, and that issue is not now before us. But the jury found that the execution of the alleged will was procured by the fraud or undue influence of Louis W. Morin exercised upon Charles Morin. The proponent of the will excepted to the refusal of the judge to direct a verdict in his favor upon the issue of undue influence.

The nature of the undue influence that will vitiate an alleged will was elaborately considered in an opinion by Chief Justice Rugg in *Neill* v. *Brackett*, 234 Mass. 367. Shortly stated (page 369), "Fraud and undue influence in this connection mean whatever destroys free agency and constrains the person whose act is under review to do that which is contrary to his own untrammelled desire." *Mirick* v. *Phelps*, 297 Mass. 250, 252. *O'Brien* v. *Collins*, 315 Mass. 429, 437. The burden of proving undue influence is on the contestant. *Bacon* v. *Bacon*, 181 Mass. 18. *Collis* v. *Walker*, 272 Mass. 46, 48. *Hogan* v. *Whittemore*, 278 Mass. 573, 578. *Viens* v. *Viens*, 302 Mass. 366, 367. *Arcieri* v. *Burke*, 319 Mass. 21.

There was evidence tending to prove the following. At the time when the alleged will was executed the age of the decedent was seventy-eight years, and at the time of his death it was seventy-nine. He suffered from heart disease, hernia, hardening of the arteries, diabetes and cancer of the lip. He had six children besides Louis, and with them he maintained normal relations of love and affection and to some of them he was morally much indebted for care. Yet the alleged will gave substantially all his estate to his son Louis. At times the decedent disliked and distrusted Louis, and thought that Louis already had enough property. The decedent was drowsy, confused and impaired mentally and in will power. It was hard to make him understand what was said to him. He had never attended school, and was unable to read or to write even his name. The alleged will was drawn at the office of Louis by a lawyer selected by Louis, and the decedent had no legal advice from any other lawyer. After the alleged will had been executed to the

knowledge of Louis, Louis denied that the decedent had made any "paper." On the whole, we think that the issue of undue influence was properly submitted to the jury.

*Exceptions overruled.*