HARRIETTE M. PARKER & others *vs.* JAMES M. AMES, trustee.

Franklin. Sept. 19. — Nov. 13, 1876. COLT & MORTON, JJ., absent.

A trustee in his account, made after the death of the tenant for life, charged, as paid to the executor of the tenant for life, rents and profits of the trust estate, which accrued before and after the death of the tenant for life; for services as trustee during the entire term of the trust; for personal services in a suit in equity for instructions, brought after the death of the tenant for life, and for money paid counsel at the time of his appointment as trustee. *Held,* on a petition in equity to settle the account, that the trustee must account to those entitled in remainder for all rent accruing after the tenant's death; and that he was not entitled to charge them for services as trustee during the life of the tenant, or for money paid to counsel at the time of his appointment; but that he might be allowed a reasonable sum for personal services in the suit in equity for instructions, it not appearing by the decree in that case that the allowance for costs, made therein, included personal services.

PETITION IN EQUITY to compel the respondent to settle his accounts as trustee, and pay over to the petitioners rents and profits due them under a deed of trust from Franklin Ripley and Daniel W. Alvord, executors of Elijah Alvord, to Ambrose Ames, dated November 26, 1841, by which certain real estate was conveyed in trust for the benefit of Mrs. Isabella A. Gould for her life, and at her death to be divided among her children, of whom the petitioners were three. The respondent, who became trustee in 1859, in the place of Ames, filed an account, and the petitioners objected to the allowance of the following items: "1. To paid S. O. Lamb, executor of I. A. Gould, $412.50. 2. To services for 16⅓ years, at $15 per year, $245. 3. To extra care and services in attending suits, &c., $20. 4. To paid S. O. Lamb for services in the matter of my appointment as trustee in 1859, $12."

Hearing before *Devens,* J., who reported the case for the consideration of the full court in substance as follows:

Mrs. Gould died on September 14, 1872, leaving a will and personal property of which the petitioners were the sole legatees. The first item was made up of rents received by the trustee after the death of Mrs. Gould, and which were paid over by him to S. O. Lamb, the executor of her will, by whom they were expended in the payment of the funeral charges and just debts of Mrs. Gould. This item included the sum of $114.50, being

the portion of the rent due October 1, 1872, which had accrued on September 14, 1872, the date of Mrs. Gould's death. The trustee had no authority from the petitioners to pay the amount of the first item to the executor, and while the petitioners did not authorize the executor to repay this sum to the trustee, they did not forbid him to do so, but left him to act in the matter at his own risk. The first item was disallowed, except as to the sum of $114.50.

As to the second item, the judge found that the charge was a reasonable one, and that it was understood, between Mrs. Gould and the trustee, that he should at some suitable time make a charge for his services; and that, during her life, he had paid over to her the entire income of the trust property. Of this item, the judge allowed only the sum of $37.50 for the care of the property after the death of Mrs. Gould.

As to the third item, it appeared that the respondent, after the death of Mrs. Gould, brought a bill in equity to obtain the instructions of this court upon the question whether the debts of Mrs. Gould's estate were a charge upon the trust property. The decree in the case contained the following clause: "And it is further ordered that said Ames be allowed to retain, out of the money now in his hands, the sum of fifty-eight $\frac{62}{100}$ dollars, in full for his costs in said suit and for the cost of publishing the notice for hearing before the master heretofore appointed in said suit, and that he pay over to said Sophia E. Jones the sum of twenty-five dollars, being the amount advanced by her for master's fees; that, beyond these sums, no costs, either as taxed between counsel and client or otherwise, be allowed." The third item was for extra services rendered in this bill in equity. The judge found that the trustee had various consultations in connection with that suit, and that the charge was reasonable, but disallowed it, on the ground that in his opinion the decree was intended to cover all the expenses incurred in the case.

As to the fourth item, the judge found that the amount was paid by the trustee, and that it was a reasonable one, but disallowed it on the ground that the petitioners were not liable therefor. A decree was entered in accordance with these rulings; and the respondent appealed to the full court.

*A. E. Jones,* for the petitioners.

*A. Brainard,* for the respondent.

ENDICOTT, J. 1. The trust created by the deed terminated with the death of Mrs. Gould. All rent accruing from the trust estate after her death belongs to her children, who are entitled to the remainder, and the trustee must account to them for it.

2. The trustee is not entitled to charge the petitioners for services as trustee during the life of Mrs. Gould. These charges should have been deducted from the income accruing to her during her life, as part of the expenses of the trust. *Denny v. Allen,* 1 Pick. 147.

3. The allowance of costs to the trustee, in the decree entered on the bill in equity brought by the trustee for instructions, does not in terms include his own personal services; and, as it is found that the charge is reasonable, we think it should be allowed.

4. The trustee is not entitled to charge in his account for money paid counsel in 1859, when he was appointed trustee. That was a proper charge against Mrs. Gould, on the income accruing to her.

The decree must therefore be affirmed, except as to the charge of twenty dollars for services.          *Decree accordingly.*