JEREMIAH W. MAHONEY, trustee, *vs.* AGNES ELIZABETH KEARINS & others.

SAME *vs.* SAME.

Middlesex. November 21, 1932. — February 20, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Trust,* Construction of instrument creating trust, Termination. *Devise and Legacy,* Life estate.

A testator by his will placed the residue of his estate in trust to pay the entire income to his wife during her life; and provided that after her death there should be set up separate trusts in specified property, each for the benefit of his six daughters and two sons, singly or in groups.

A paragraph 13 provided that the trustee should hold the homestead estate "in trust for the benefit of my daughters . . . with power on the part of my said daughters to occupy said homestead." Each trust paragraph contained the provision that the property therein described was to be held "according to the provisions and requirements set forth in paragraph twenty." That paragraph contained, among others, provisions that, upon the death of the widow, the property "mentioned in paragraphs five . . . to nineteen . . . inclusive . . . be set aside by my Trustees so as to form separate and distinct trust funds for the benefit of the particular child of mine named in each of said paragraphs"; that, upon "the death of any of said beneficiaries leaving issue," the trustee was ".to continue to pay the net income of said trust to said issue until the youngest of said issue living at the time of the death of said beneficiary shall have become twenty-one . . . years of age"; that, in "the case of each trust, upon the youngest of said issue reaching the age of twenty-one . . . years, the trust property shall be paid over to them, free and discharged of all trust"; that, upon "the death without issue, of any beneficiary above named, the share held for such beneficiary shall be divided up as nearly equally as may be among the surviving beneficiaries above named, if any of them are surviving." One daughter, for whose benefit a trust was established in paragraph 6 of the will, died unmarried and without issue after the testator but before the widow. Two other daughters occupied the homestead; but the trustee had no funds in the trust as to the homestead to pay taxes thereon. Upon a petition by the trustee for instructions, it was *held,* that

(1) The power given to the daughters to occupy the homestead conferred upon them a beneficial interest analogous to an equitable life estate, and the rule was applicable that taxes, insurance, repairs and all incidental expenses of the ordinary maintenance of real estate held in trust should be borne by the life tenant; and a decree directing that the trustee pay such expenses out of the income of other property held by him under the will in trust for the benefit of the persons who occupied such real estate was proper;

(2) It was the clear meaning of paragraph 20 of the will that the trust set up in paragraph 6 should not terminate on the death of the widow, and that it was the intention of the testator that the property should continue to be held by the trustee in trust;

(3) A decree was proper that "the testator intended that the devise in trust for any child of his who died without issue should be divided equally among the trusts for his surviving children" and therefore one sixth of such real estate described in paragraph 6 should be added to and become part of the *res* of each of the trusts set up in other paragraphs for the benefit of the surviving brother and sisters of the daughter named in paragraph 6.

Two PETITIONS, filed in the Probate Court for the county of Middlesex on September 9, 1931, by the trustee under the will of Patrick Kearins, late of Medford, for instructions, as stated in the opinion.

It appeared that, after certain bequests of jewelry and cash in the first three paragraphs of his will, the testator in a fourth paragraph placed all the residue of his property in trust for the benefit of his wife during her life, "according to the provisions and requirements set forth in paragraph twenty"; and that, upon her death, by paragraphs numbered 5–18, inclusive, he set up certain other trusts in specified parcels of real estate and securities, each of the paragraphs 5–12, 16, 17, designating a single child among his six daughters and two sons, and paragraph 18 designating a son and a daughter, and each of the paragraphs 14, 15 specifying a group of five daughters. Paragraph 13 is described in the opinion. Each of the paragraphs 5–18, inclusive, contained the provision that the trust was to be "according to the provisions and requirements set forth in paragraph twenty of this will."

Paragraph 20, in its entirety, was as follows:

"20. I authorize and direct my said Trustees to hold, manage, improve, mortgage, sell, convey, invest and reinvest, any and all of the real estate or personal property, or the proceeds thereafter mentioned in the foregoing paragraphs of this will. During the lifetime of my wife, I desire the entire net income of my estate to be paid over to her, at least as often as quarterly. Upon her decease I desire the property mentioned in paragraphs five (5) to nineteen (19) inclusive, to be set aside by my Trustees so as to form separate and distinct trust funds for the benefit of the particular child of mine named in each of said paragraphs. In case the course of events shall have seriously altered or changed the value of any of the property referred to in any of said paragraphs, or if my Trustees shall have found it expedient to sell, alter, or change said property, I authorize them to take other property of the trust in their hands and set it aside to form a trust fund for the benefit of the beneficiary whose specific property has been thus altered or changed, and for this purpose the Trustees may take property herein assigned to any other trust fund, or from unappropriated property in my estate, so that in each case the trust fund created on the death of

my wife shall be of substantially the same proportionate value or amount as herein indicated, but I leave this matter to the discretion and good judgment of my Trustees, and direct that they shall not be answerable to any party herein named for their discretion, so far as reasonably necessary in this behalf. I direct the Trustees to pay over the entire net income of each trust to its beneficiary as often, at least, as quarterly, during the term of the beneficiary's life. Upon the death of any of said beneficiaries leaving issue, I direct my Trustees to continue to pay the net income of said trust to said issue until the youngest of said issue living at the time of the death of said beneficiary shall have become twenty-one (21) years of age, such issue taking by the right of representation and *per stirpes,* if they are not of the same degree of kindred to me. In the case of each trust, upon the youngest of said issue reaching the age of twenty-one (21) years, the trust property shall be paid over to them, free and discharged of all trust. Upon the death without issue, of any beneficiary above named, the share held for such beneficiary shall be divided up as nearly equally as may be among the surviving beneficiaries above named, if any of them are surviving. And if none of them shall be surviving at the time of the death of said beneficiary, then to my heirs at law determined as of the death of said beneficiary. The majority of my Trustees shall at any time have full power to sell any of the above-mentioned real estate or personal property, and to reinvest the proceeds thereof and pay the income therefrom over to the beneficiary whose property they have deemed it advisable to sell. No husband or wife of any of my children or their issue shall acquire any rights in any of said trust estate, and the same shall at all times be for the benefit of my children and their issue, free from any control or hindrance by the wife or husband of any beneficiary. I further direct that no interest created under this will shall ever be made subject to, or taken by attachment, bankruptcy, or legal proceedings of any kind, and that any interest which would otherwise be so taken, shall become forfeited upon the happening of such proceedings,

and that thereafter the Trustees shall not be under any obligation to pay anything at all on account of the share so forfeited, but may in their discretion, pay over such part of the forfeited income to the person who would have been entitled to it, or may pay it over as provided in case of the death of the beneficiary suffering such forfeiture."

It further appeared that one of the daughters, Madeline Veronica Kearins, survived the testator and died unmarried and without issue before the widow; and that the widow had died.

The petitions were heard by *Leggat*, J. A first paragraph of a decree, entered by his order upon the first petition, was that the trustee had "no authority to pay for taxes, insurance or repairs on the homestead property, so called, from trusts other than those for the benefit of the persons entitled to occupy the homestead and who so occupy it, in accordance with the terms of the will."

A further material portion of that decree is quoted in the opinion.

Upon the second petition, there was entered a decree reading as follows:

"1. That the testator intended that the devise in trust for any child of his who died without issue should be divided equally among the trusts for his surviving children.

"2. Madeline V. Kearins having predeceased her mother, the life tenant, without issue, the real estate left in trust for her is to be divided equally among the trusts for her surviving brother and sisters; so that an undivided one-sixth interest in the aforesaid real estate left in trust for Madeline V. Kearins shall be added and become part of the *res* of the trusts for her surviving brother and sisters.

"3. The real estate which was left in trust for Madeline V. Kearins becomes part of the *res* of the several other trusts for the benefit of the other children surviving in the proportions set forth in paragraph 2 of this decree.

"4. The testator's children are meant by the phrase 'beneficiaries above named.'

"5. See answer to prayer 4.

"6. No answer to this prayer is given. An adequate

and complete remedy on the probate side of the court is given."

Four daughters of the testator appealed from both decrees.

*A. L. Hyland,* stated the case.

*J. H. Morson,* for Agnes Elizabeth Kearins and others.

*W. J. Kelleher,* for next friend for persons not ascertained and not in being.

*W. M. Burse,* for guardian *ad litem.*

PIERCE, J.  These are two appeals in equity by certain life beneficiaries of trusts under the will of Patrick Kearins, late of Medford, from decrees entered in the Probate Court upon petitions of the trustee for instructions.  All the appellants are children of said decedent.

The first petition alleges that by paragraph 13 of said will the testator devised his homestead in Medford and Somerville, Massachusetts, to his trustees to be held "in trust for the benefit of my daughters . . . with power on the part of my said daughters to occupy said homestead, according to the provisions and requirements set forth in paragraph twenty of this will"; that said homestead is now being occupied by two of said daughters, Mary Louise Kearins and Agnes Elizabeth Kearins; that by reason of said paragraph 13 relating to the occupancy of said homestead "there is no income accruing to your petitioner as trustee" with which to pay present and future taxes, insurance and repairs on said trust estate; that the premises in question have been sold for nonpayment of real estate taxes assessed for the year 1929; that the taxes assessed for 1930 and 1931 are not paid and the petitioner as trustee has no funds with which to pay said taxes.  All the material allegations of the petition are admitted by the appellants. The petitioner prays that he may be instructed (1) "whether he may use funds derived from other trusts under the same will of the testator Patrick Kearins to pay for the taxes, insurance, repairs, etc., on the said homestead [described by said paragraph 13] and, if so, from what trusts and in what proportions"; and (2) whether "he may exact from those who occupy the said homestead, an amount, as rent,

sufficient to pay the said taxes due, together with the insurance and repairs, the instalments and due dates thereof to be determined by your trustee in his discretion," or in "such other manner" as "may seem just and proper" to the Probate Court. A decree was duly entered on said petition wherein the trustee was instructed: "That the trustee may pay the taxes, insurance and repairs on the said homestead property out of the income of other trusts created under the will for the benefit of the persons who occupied or do occupy the said homestead in accordance with the terms of the will, the amount to be paid from the income of the said other trusts to be a sum sufficient to pay the taxes, insurance and repairs for the period during which the beneficiaries have occupied or do occupy the said homestead."

The second petition alleges that by paragraph 6 of said will there was given in trust for Madeline Veronica Kearins, a daughter of the testator, for life, "with remainders over, according to the provisions of paragraph 20 of the will," certain real estate therein described; that Madeline Veronica Kearins died on May 6, 1929, unmarried and leaving no issue surviving her; that paragraph 20 of the said will in part provides that "Upon the death of any of said beneficiaries leaving issue, I direct my Trustees to continue to pay the net income of said trust to said issue until the youngest of said issue living at the time of the death of said beneficiary shall have become twenty-one (21) years of age, such issue taking by the right of representation and *per stirpes*, if they are not of the same degree of kindred to me. In the case of each trust, upon the youngest of said issue reaching the age of twenty-one (21) years, the trust property shall be paid over to them, free and discharged of all trust. Upon the death without issue, of any beneficiary above named, the share held for such beneficiary shall be divided up as nearly equally as may be among the surviving beneficiaries above named, if any of them are surviving. And if none of them shall be surviving at the time of the death of said beneficiary, then to my heirs at law determined as of the death of said beneficiary." All the material allegations of the petition are

admitted by the appellants. The petitioner prays that he may be instructed (1) as to "the meaning of that part of paragraph 20 of the will . . . which is set out in paragraph 4 of this petition"; (2) "whether the trust of the parcels of real estate set forth in paragraph 2 of this petition should be terminated, and the real estate or its proceeds be distributed to the beneficiaries free and discharged of all trusts, and, if so, in what proportions"; (3) "whether these parcels of real estate should remain as part of the trust estate, in trust for the beneficiaries, and, if so, in what proportions"; (4) "what is the meaning of the words 'among the surviving beneficiaries above named' as used by the testator . . . in paragraph 20 . . . of his will"; (5) "whether the words 'beneficiaries above named' include only the daughters and son of the testator . . . or whether the words include also the living issue named in sections b, c, d, of paragraph 5 of the within petition, and the unborn children mentioned in section (e) of the said paragraph 5"; and (6) "whether the trustee . . . should sell the parcels of real estate mentioned in paragraph 2 of this petition, in order to pay the overdue real estate taxes, and hold the proceeds subject to the order of this honorable court on this petition." A decree was duly entered wherein the petitioner was instructed in part: "That the testator intended that the devise in trust for any child of his who died without issue should be divided equally among the trusts for his surviving children"; that "Madeline V. Kearins having predeceased her mother, the life tenant, without issue, the real estate left in trust for her is to be divided equally among the trusts for her surviving brother and sisters"; and that "The testator's children are meant by the phrase 'beneficiaries above named.'" From these decrees the appellants duly appealed to this court.

In the first case under paragraph 13 of the will the trustee is directed to hold the premises described therein in trust for the benefit of certain named daughters, "with power on the part of my said daughters to occupy said homestead, according to the provisions and requirements set forth in paragraph twenty of this will." It is plain that under this power the daughters named were given a bene-

ficial interest in the homestead analogous to an equitable life estate. Assuming the power was exercised by any one of the daughters and that such an election created an equitable life estate in the donee, the rule is applicable, unless the will directs otherwise, that taxes, insurance, repairs and all incidental expenses of the ordinary maintenance of real estate held in trust shall be borne by the life tenant. "Taxes [insurance and repairs] are properly payable out of the rent and income of real estate, and therefore constitute a proper charge upon those who have the actual and beneficial use and enjoyment of the estate for the time being." *Wiggin* v. *Swett,* 6 Met. 194, at page 201. *Bridge* v. *Bridge,* 146 Mass. 373. *Jordan* v. *Jordan,* 192 Mass. 337. *Spring* v. *Hollander,* 261 Mass. 373. On the facts here disclosed the appellants contend that the testator intended to create merely a preferred right in his daughters to occupy the homestead premises without being required to pay anything by way of rent, or otherwise, as a condition of their occupancy, and the fact that the premises when occupied were nonproductive of income or rent from which the trustee could pay the taxes, insurance and repairs does not raise the presumption that the testator intended that the occupants of the premises should carry the burden of maintaining them. The decree of the Probate Court should be affirmed.

In the second case we think it is the clear meaning of paragraph 20 of the will that the trust with respect to said real estate should not terminate on the death of the widow, and that it was the intention of the testator that the property should continue to be held by the trustee as a part of the trust estate. That such was his intention is manifest when due weight is attributed to all the language of the will. *Boston Safe Deposit & Trust Co.* v. *Stratton,* 259 Mass. 465, 470. In support of this view it is noticeable and significant that there is no direction to the trustee to pay over, distribute, transfer or convey the trust estate upon the death without issue of any named beneficiary. The provision of the will that "Upon the death without issue, of any beneficiary above named, the share held for

such beneficiary shall be divided up as nearly equally as may be among the surviving beneficiaries above named, if any of them are surviving" does not indicate an intention that in that event the trust shall terminate — the division being equally compatible with either continuance or termination; and the words "shall be divided" do not require, as the appellants contend, that the *res* of the trust shall be divided among the surviving brother and sisters of Madeline V. Kearins free from all trusts. See *Silvey* v. *Howard*, 6 Ad. & El. 253, wherein it is said that the words, "shall be equally divided unto and amongst . . ." uncontrolled by clear proof of an opposite intention in other parts of the will, carry an estate for life only. This conclusion in respect to the intention of the testator finds confirmation when the words "shall be divided up as nearly equally as may be" are read in connection with the context in which they appear. It is to be noted that the income of the trust is to be paid "to said issue until the youngest of said issue living at the time of the death of said beneficiary shall have become twenty-one . . ."; that "In the case of each trust, upon the youngest of said issue reaching the age of twenty-one (21) years, the trust property shall be paid over to them, free and discharged of all trust." These provisions show that when the draftsman intended the termination of the trust he had command of and used clear and appropriate language to effectuate that end. The absence of appropriate language specifically directing a termination of the trust is significant of an intention that the trust *res* should be divided without a termination of the trust. That the trust should not be determined and the estate divided equally is inferable from the further provision, "And if none of them [that is of the named "beneficiaries"] shall be surviving at the time of the death of said beneficiary, then to my heirs at law determined as of the death of said beneficiary." Again the use of the word "beneficiaries" to describe the children of the testator in their character as *cestuis que trust* under the provisions of paragraphs 5–20, inclusive, is significant of and indicates the capacity in which the children take and the nature of the interest which they

receive. This choice of language is an indication that the share in question is to be divided among the surviving children, as beneficiaries of trusts continuing during their lives, in accordance with the terms of the will previously expressed.

It follows that paragraphs numbered (1), (2), (3) and (6) of the decree of the Probate Court should be affirmed. Paragraphs numbered (4) and (5) are modified so that they are limited in their application to present circumstances and are not to be construed to provide for situations arising in the future consequent upon the death of Sarah P. Conlan or Rose Mary Conroy, leaving issue, followed by the death of one of the other children of the testator without issue. As so modified the decree is

*Affirmed.*