NELLIE M. CROWELL, executrix, *vs.* DOROTHY M. STYLER & another.

Barnstable. May 11, 1943. — May 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Executor and Administrator,* Interest, Expenses of administration, Accounts, Distribution. *Interest.*

An executor, in a proceeding on one of his accounts, was not chargeable with interest on a sum for which he had been held accountable by a decree entered on a prior account in accordance with a rescript from this court, where no question as to interest had been raised in the proceeding respecting the prior account and he had not been charged with interest in such decree.

A reasonable fee paid by an executor to his counsel for services rendered in connection with an appeal by a residuary legatee from a decree allowing one of the executor's accounts should not in the circumstances be disallowed on a subsequent accounting although on such appeal this court had held that certain payments made by the executor in good faith and included in the earlier account were excessive in amount and had ordered him charged with the excess.

No error appeared in allowing an executor the amount of a reasonable fee paid to counsel for services rendered in a certain period after his fees for a previous period had been in controversy and had been settled by a decision of this court.

Substantial premiums paid by an executor on his surety company bond in the later periods of the administration of the estate, so far as they were in excess of the amounts which would be required for a bond in a smaller penal sum adequate for the protection of interested persons in the circumstances were disallowed in a proceeding on his account.

No error appeared in a refusal by a judge of probate to charge an executor with interest on funds alleged to have been withheld by him from distribution for an unreasonable time where it did not appear that he had received any interest on such funds or had put them to a profitable use and the judge found that he had acted in good faith and that the delay in final settlement was due to circumstances beyond his control.

PETITION, filed in the Probate Court for the county of Barnstable on July 1, 1942, for allowance of an account.

The case was heard by *Campbell,* J.

*M. R. Brownell,* for the residuary legatees.

*J. P. Sylvia, Jr.,* for Nellie M. Crowell, executrix.

DOLAN, J. This is an appeal from a decree entered in the Probate Court allowing, with certain modifications, the amended third and final account of Sears L. Moore, the then surviving executor of the will of Alonzo F. Cahoon. The accountant is now deceased and the executrix of his will has suggested his death and appeared in his place.

The first account of the executors, Bearse and Moore, and their second account as rendered by Moore, the then surviving executor, were considered by us in *Bearse* v. *Styler,* 309 Mass. 288, upon the appeal of one of the residuary legatees under the will of the testator Cahoon. The controversy in that case related to the charges of the executors and their counsel for services, which had been allowed by the judge of probate, and this court decided that the sum of $4,000 allowed to Bearse be reduced to $2,500, that the sum of $3,000 allowed to Moore be reduced to $1,000, and that the sum of $7,500 allowed to their counsel, Mr. Hall, be reduced to $6,000, the reduced amounts to be in full payment for all services rendered by them up to May 29, 1940. The rescript is dated May 29, 1941. A final decree after rescript was entered in the Probate Court on May 31, 1941, charging the accounts with the sums disallowed. The account now before us covers the period beginning May 29, 1940, and ending June 29, 1942, and was filed July 1, 1942. The decree allowing the account is dated January 14, 1943. The

items to the allowance of which the respondents object are as follows: $669.50 allowed to counsel for the executors in the matter of the appeal from the decree allowing the first and second accounts; $300 to counsel for services during the period covered by the present account; and for premiums paid to the surety on the bonds of the accountant, due May, 1940, and May, 1941, sums amounting in all to $800. The respondents further contend that the accountant is chargeable with interest on the sums disallowed in the first and second accounts from the date when payment thereof was made, and also with interest on funds which, they argue, were available for distribution but were retained by the accountant in excess of a reasonable reserve "for expected and unexpected additional expenses."

It is proper at the outset to point out that the final decree entered on the first and second accounts after rescript from this court established the balance due from the accountants as of that date, and that any question with respect to charging the accountants with interest must be limited to the period following the date of that adjudication. In a word, the accountant is not now chargeable with any sums during the period covered by the executors' first and second accounts other than those adjudicated to be due upon those accountings when they were before this court. No question of interest was raised in that proceeding and the accountants were not charged therewith. It follows that the contention of the respondents that the accountant is chargeable with interest on the sums disallowed in accordance with the decision of this court in *Bearse* v. *Styler*, 309 Mass. 288, cannot be sustained. The question as to interest is limited therefore to whether, during the period covered by the present account, the accountant is chargeable therewith on account of alleged unreasonable delay in making distribution.

The evidence is reported, and at the request of the respondents the judge made a report of the material facts found by him. With respect to the item (14) in schedule B of $669.50 the judge found that this sum was paid to counsel for services rendered in connection with the proceedings in this court upon the appeal from the decrees allowing the

first and second accounts of the executors; that that litigation did not arise from any wrongful conduct on their part; that this expense was incurred in such circumstances as to entitle the accountant to pay the same; and that the amount charged was fair and reasonable. The judge also found that the executors were honest and acted in good faith at all times. The appeal record in *Bearse* v. *Styler*, 309 Mass. 288, discloses that the estate of the deceased was inventoried as of the total value of $146,159.68, consisting for the most part of personalty, and that the first account contained two hundred seventy-two items and the second account about one hundred thirty-nine items. There was an increase in the assets of the estate over inventory of approximately $19,000. The only objections to these accounts were to the charges for services of the executors and their counsel. The accounts were allowed as filed. Upon appeal, as before stated, it was decided by this court that those charges should be reduced by a total of $5,000. The respondents do not dispute the finding of the judge that the charge of counsel for the executors in the matter of the appeals from the allowance of the first and second accounts is fair and reasonable, but only contend that the test is whether the services were beneficial to the estate and argue that they were not, citing *Blake* v. *Pegram*, 109 Mass. 541, and *Comstock* v. *Bowles*, 295 Mass. 250, 263. We are of opinion, however, that this is too narrow a ground to be sustained. In *Comstock* v. *Bowles*, 295 Mass. 250, 262, the court said that the "right of one administering a trust to charge expenses of litigation against a fund does not necessarily depend upon success . . . [but that] where it is manifest that the appeal is doomed to failure as matter of law according to well settled principles, there can be no charge for expenses." The executors in the present case were men of integrity acting in good faith. Their charges and those of their counsel in the first and second accounts had been allowed by the probate judge in whose discretion, to a large extent, the determination of reasonableness rested. G. L. (Ter. Ed.) c. 206, § 16, as amended by St. 1941, c. 36. *McInnes* v. *Whitman*, 313 Mass. 19, 30, 31. The respond-

ent Styler appealed. There was no actual misconduct or lack of good faith on the part of the accountants as in the cases cited by the respondents. It could not be said properly that it was manifest, as matter of law, that they could not prevail on the appeal. We think that it cannot quite be said that the accountants were not justified in employing counsel to respond to the appeal at the expense of the estate.

With respect to the item of $300 allowed by the judge to counsel for the accountant for services rendered by him in connection with the administration of the estate during the period covered by the account now before us, that is, from May 29, 1940, to June 29, 1942, the judge found that the charge was fair and reasonable and that the attorney for the respondents had agreed that if the counsel, Mr. Hall, was entitled to anything he was entitled to that amount. The evidence discloses that it was the contention of counsel for the respondents that the allowances made upon the first and second accounts were in full for all services past and future, but that he stated that he might "be wrong on that." The charges, however, for services and expenses allowed in *Bearse* v. *Styler*, 309 Mass. 288, were specifically stated to be for the period covered by the first and second accounts, that is up to May 29, 1940. We are of opinion that it cannot be said rightly on the evidence that the judge was plainly wrong in allowing the charge in question for necessary legal services rendered during the period of accounting, during which the accountant made no charge for his services and Mr. Hall appears to have done all the work.

With relation to the payment of premiums on the executor's bond the controversy must be confined to the payments shown in the present account, to wit, one of $400 paid for the "3d year" (May, 1940, to May, 1941, item 1, schedule B) and another of $400 paid for the "4th year" (May, 1941, to May, 1942, item 15, schedule B). Objection was made by the respondents to each of these items, on the ground that the accountant should have taken steps to have had the penal sum of the bond reduced and thus effect a

saving to the estate. The evidence discloses that in each case the premium was paid in May in advance. The judge made no finding with reference to the first item, but found that the second payment (item 15) was due in May, 1941, that the decision of this court with relation to the first and second accounts had been made so shortly thereafter that the "executors" would not have had an opportunity to take any action relative to the reduction of the bond. As to premiums for previous years the judge found that they were disposed of by the final adjudication of the first and second accounts. But the premium that was paid in May, 1940 (item 1, schedule B), was not disposed of on the prior accountings. He further found that on October 10, 1941, a petition to reduce the amount of the bond was filed and later allowed. It appears in the evidence that the penal sum of the bond was reduced to $15,000 by "agreement," and that a premium of $85 was paid therefor for 1942.

The second account of the executors covered the period from June 27, 1939, to May 29, 1940, and showed a balance on hand of $28,457.29. Upon final adjudication the executors were charged with a balance of approximately $35,000. It thus appears that in the third and fourth year of the administration of the estate there was no time at which a bond at a cost of $400 annually was necessary for the protection of those interested in the estate. The pending litigation extending over a short portion of the third year was not a reason for continuing to pay for a bond in an excessive penal sum. Only the charges of the executors and their counsel were affected by that litigation. Manifestly a surety company bond, the cost of which was $400, was unnecessary. A surety company bond in the two years in question in the penal sum of $35,000 would have been ample. The accountant had a duty to the estate to protect it from unnecessary expense, and, having failed to do so, we think that the payments in question should be reduced to such amounts as would have been the cost of obtaining a surety company bond in each period in the penal sum of $35,000, the amount to be fixed in the court below after rescript.

We have already disposed of the respondents' contention that the accountant should be charged with interest from the date of payment on the sums disallowed for services and counsel fees in the final adjudication of the executors' first and second accounts. The question remains whether the accountant should be charged with interest for unreasonable delay in settling the estate thereafter. Manifestly the estate of the former executor Bearse, who was the more active executor, and who died on December 5, 1939, is not concerned with this question. Material findings of fact of the judge follow: Within thirty days after the decision of this court relative to the first and second accounts, distribution was made to the residuary legatees of all "that they agreed could safely be distributed, having in mind that there was still outstanding certain Federal taxes." The judge also found that no claim had been made and that there "was no evidence . . . that the . . . [accountant] received any interest on the funds in . . . [his] hands, or that the funds were put to any profitable use . . . that the executors were honest and acted in good faith . . . that the delay in final settlement was due to many circumstances beyond . . . [their] control . . . [and that they] should not be charged with interest for unreasonable delay in . . . [settling the] estate." The findings of the judge are supported by the evidence. During the period covered by the present account payments in distribution are shown to have been made by June 8, 1941 (that is, within ten days after final decree after rescript in the matter of the first and second accounts), totalling about $17,000. There was evidence supporting a finding that, to a large extent, any delay in distributing the balance remaining after the prompt distributions before referred to was due to the refusal of the husband of one of the residuary legatees (Mrs. Styler), who had acted for her throughout, to accept further distribution because he had been advised that more money could be saved by going into court. It is settled that an executor or administrator is not chargeable with interest on the money in the estate in his hands unless he has received interest thereon or put it to some profitable use. *O'Shea* v. *Barry,*

252 Mass. 510, 511, and cases cited.  There was no evidence in the instant case to support a conclusion that the accountant was in default or that he had been guilty of any breach of trust.  We cannot say rightly that the judge was plainly wrong in refusing to charge him with interest.  See *McIntire* v. *Mower*, 204 Mass. 233, 235, 236.  The statement in *Bearse* v. *Styler*, 309 Mass. 288, 291, that "There is no adequate reason why the estate should not have been settled in 1939," relied upon by the respondents, was not addressed to any question of interest, as to which no issue had been raised in that case, nor was any direction for payment of interest made.  The statement was merely of a circumstance considered in determining the reasonable compensation of the executors and their counsel.

The decree entered in the Probate Court is to be modified in accordance with this opinion, and as so modified it is affirmed.

*Ordered accordingly.*