THE ·BERKSHIRE TRUST COMPANY, trustee, *vs.* MARY C.
BOOTH, administratrix, & others.

Berkshire.   September 19, 1944. — December 5, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Trust,* Mortgage of real estate; Capital and income; Taxes; Repair of
real estate; Income beneficiary;˙ Consent of beneficiary; Express
trust: what constitutes; Trustee's accounts; Expenses of adminis-
tration. *Devise and Legacy,* Life estate, Remainder. *Probate Court,*
Accounts, Costs.

The administratrix of the estate of a life beneficiary of a trust of real
estate under a will had no standing to contest items of accounts of
the trustee which showed disbursements from income made, with the
consent of her intestate and in accordance with decrees of the Probate
Court entered with his assent, to reduce the principal of a mortgage
of the real estate given by leave of court to pay items of taxes and
repairs which were rightly chargeable to income.

On the death of a life beneficiary of a trust of real estate, the amount of
the real estate tax for the current year should be apportioned as of
the date of his death between his estate and those who then came
into the remainder interests.

Upon an appeal from a decree allowing an account of a trustee under a
will, where the terms of the will did not appear in the record, this
court assumed from docket entries which were before this court
pursuant to the provisions of the first paragraph of § 135 of G. L.
(Ter. Ed.) c. 231, as amended, and which showed the appointment of
trustees under the will, that one referred to in findings by the trial
judge as the "life tenant" and as given, "after a prior life estate, . . .
'the use, income and improvement' of the residue of the estate for
life," was the holder of an equitable, and not of a legal, life interest.

An allowance of a reasonable amount to an accounting trustee's counsel
for his services in defending the allowance of five accounts against a
petition for their reopening showed no error.

Costs and expenses of an appeal from a decree of a Probate Court in a
matter of contested accounts are awarded to the contestant only in
rare and unusual circumstances.   Per DOLAN, J.

PETITION in the Probate Court for the county of Berk-
shire for the allowance of an account of the trustee under
the will of Charles H. Booth.

The case was heard by *Hanlon,* J.

*L. S. Cain,* for the respondent Mary C. Booth, administratrix.

*F. M. Myers,* for the petitioner.

*J. .I. Donna,* for the respondents Homer A. Booth and others, submitted a brief.

DOLAN, J. This is an appeal from a decree entered in the Probate Court allowing the sixth and final account of the trustee under the will of Charles H. Booth.

The evidence is reported and the judge made a report of material facts found by him. The material facts so found and those we find ourselves (*Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 178) may be summed up as follows: The trust estate involved consisted solely of real estate. On April 7, 1905, Edgar P. Booth and George A. Prediger were appointed trustees under the will of the testator and duly qualified. The first beneficiary under the trust was allowed by the trustee Prediger, who apparently had become the sole trustee, to collect and retain the rents from the real estate devised in trust with the consequence that taxes fell in arrears and the property "became run down for want of repairs." In 1916 the trustees were authorized to mortgage the real estate to pay tax arrears and repairs, although it appears that the income had been sufficient to pay these charges. On July 31, 1934, the trustee Prediger was authorized by decree of the Probate Court to mortgage the real estate for $2,000 to pay for repairs and improvements on the building and other property of the trust estate and taxes. On September 24, 1934, he was also authorized in like manner to mortgage the real estate for $4,500 for the purpose of making "necessary repairs and improvements on the buildings upon said land and paying the mortgages for $2,150 . . . and taxes." From the date of the appointment of the trustees in 1905 until November 12, 1935, no accounts of the administration of the trust were filed. On the latter date a first and final account was filed by Prediger and on the same date his resignation as trustee was filed. It was accepted thereafter and the present accountant was appointed and duly qualified as succeeding trustee under the will of the testator on January 14, 1936. On February

27, 1936, the first and final account (apparently a substituted first and final account) of Prediger was allowed.  On February 27, 1936, the present accountant filed a petition reciting that it had received unpaid bills ($838.64) incurred by the former trustee for repairs and improvements to the trust res, and that accrued taxes assessed thereon by the city of Pittsfield amounting with interest to $1,176.21 were unpaid, and praying that it be "permitted and instructed by the court to pay all of the above mentioned accounts from the income of the trust before making any distribution of income or principal to any of the . . . beneficiaries."  Upon that petition a decree was entered instructing the accountant to charge those items to income.  The decree recites that the "life tenant" William P. Booth had assented thereto.  The terms of the will of the testator are not set forth in the record. It does appear, however, that William P. Booth was a succeeding life beneficiary under the trust.  The appellant is his widow and administratrix of his estate.  On December 12, 1939, the accountant was authorized by decree of the Probate Court to mortgage real estate of the trust for $4,200 for the purpose of "re-financing the existing mortgages at a lower rate of interest," and did so mortgage the real estate by a "direct reduction mortgage."  Thereafter the accountant made monthly payments in reduction of the mortgage. The appellant's intestate knew of these payments that were being made out of income and assented to the first five accounts of the accountant showing such payments with "full knowledge of all the facts and legal consequences." He died on March 4, 1942, and on August 28, 1942, the appellant filed a petition to reopen the first five accounts of the accountant on the ground that the payments by the accountant in reduction of the principal of the mortgage therein set forth were improperly made out of and charged to income.  After hearing, this petition was dismissed on June 28, 1943.  The appellant in the present case appealed from that decree but later waived the appeal.  The sixth and final account of the accountant came on for hearing and the appellant objected as follows: (1) to the allowance of $500.08 paid out of income in reduction of the mortgage

given by the accountant, which sum is included in an item of $1,596.28 in schedule E of the account "covering payments of interest taxes and principal"; (2) to the item in schedule E "Reserve for Taxes on Real Estate 1942 $608.72 Less amount paid on a/c to Pittsfield Co-Operative Bank $239.65 — $369.07"; and (3) to the item in schedule E showing payment to counsel for the accountant of $122.04 for legal services "in defending the allowance of prior accounts." After hearing, as before noted, the judge entered a decree allowing the account.

There was no error in allowing the payments, made out of income, as shown in the account in question, for the purpose of reducing the principal of the mortgage. In so doing the accountant acted in accordance with the express instructions of the decree of the Probate Court to which the appellant's intestate assented. It is not open to the appellant to contend now that the accountant properly could not have paid out of income sums to make good expenditures made from principal, that is, on account of mortgages given by the former trustee to pay items of taxes and repairs which were rightly chargeable to income of the trust estate in accordance with principles which we recognize are fundamental in trust accounting. See *Parker* v. *Ames*, 121 Mass. 220; *Loring* v. *Salisbury Mills*, 125 Mass. 138; *Cogswell* v. *Weston*, 228 Mass. 219; *Mahoney* v. *Kearins*, 282 Mass. 130, 138, and cases cited. The appellant in the instant case, however, is bound by the assent of her intestate both to the entry of the decree under which the accountant has proceeded and to its five accounts showing payments made in accordance therewith (see *Turner* v. *Morson*, 316 Mass. 678, 689,) and also by the decree itself which was not appealed from. *Untersee* v. *Untersee*, 299 Mass. 425, 426.

With respect to the objection of the appellant relative to the reserve by the accountant of the tax assessed on the real estate of the trust for the year 1942, we are of opinion that it was erroneous to allow the reserve of the full amount of the tax for that year, but that instead the tax should be apportioned as of the date of death of the appellant's intestate, that is, March 4, 1942, between his estate and those

who then came into the remainder interests.  In this respect the case is governed by *Taylor* v. *Bentinck-Smith*, 304 Mass. 430.  The contention of the accountant and of the respondent remaindermen that the case is not so governed because the present case is one of direct devises of life estates followed by a devise to designated remaindermen cannot be sustained.  While it is true that the record discloses that the judge spoke of the deceased beneficiary as a life tenant and stated that he was, "after a prior life estate, given 'the use, income and improvement' of the residue of the estate for life," the evidence discloses by way of the docket entries which are before us[1] that trustees under the will were appointed by decree of the Probate Court at the inception of the trust and that later the accountant was appointed succeeding trustee.  Such appointments would be unauthorized in the case of a devise of a life estate in real estate, since no trust would be created by such a devise, and no trustee would be required to be appointed except upon petition for sale or mortgage of real estate subject to vested or contingent remainders as provided in G. L. (Ter. Ed.) c. 183, §§ 49–51.  We are of opinion that we must assume that the appointments of trustees under the will of the testator were made upon a correct construction of the terms of the will to the effect that the life interests therein provided for were equitable life interests as distinguished from life tenancies creating legal estates in possession, and that the trust estate in question was devised to trustees.  See *Spring* v. *Hollander*, 261 Mass. 373; *Thayer* v. *Shorey*, 287 Mass. 76.  It follows that the tax in question should be apportioned in the manner hereinbefore stated.

There was no error in the allowance of the item showing payment to counsel for the accountant in defending the allowance of its five accounts against the attack made upon them by way of the petition to reopen them which was fully heard and dismissed.  This expense was one incidental to the administration of the trust estate (see *Mahoney* v. *Kearins*, 282 Mass. 130, 138), and in the circumstances was

---

[1] These entries were not part of the printed record but were furnished the court under the provisions of G. L. (Ter. Ed.) c. 231, § 135. — REPORTER.

properly charged by the accountant to the income account. *Mandell* v. *Green*, 108 Mass. 277. No contention is made that the charge in question was not a reasonable one. See G. L. (Ter. Ed.) c. 206, § 16, as amended by St. 1941, c. 36; *McInnes* v. *Whitman*, 313 Mass. 19, 31, 32; *Crowell* v. *Styler*, 314 Mass. 122, 125.

During the course of the hearing the appellant sought to introduce in evidence the account of the former trustee, Prediger, which was allowed on February 27, 1936, and excepted to its exclusion. Since the appellant made no sufficient offer of proof to show the relevance of any of the items in that account, we cannot say that its exclusion was erroneous.

The requests of the respondents for the allowances of costs and expenses of this appeal are denied. It is only in rare and unusual circumstances, not present here, that such allowances will be made in the matter of contested probate accounts. See *Olney* v. *Sheppard*, 275 Mass. 496, 497, 498.

The decree entered in the court below must be modified by reducing the item of reserve for the tax assessed upon the trust estate for the year 1942 to that sum which is properly chargeable to the income from the trust estate, upon an apportionment of the tax in accordance with what we have said, by charging the accountant with the difference as a balance of income in its hands and by allowing the account as the sixth, but not as the final, account of the accountant. As so modified the decree entered in the Probate Court is affirmed.

*So ordered.*