THE NEW ENGLAND TRUST COMPANY & another, trustees, *vs.* DANIEL J. TRIGGS, trustee, & others.

Middlesex.   May 6, 1959. — June 24, 1959.

Present: RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Probate Court,* Costs.

Where, in a proceeding in a Probate Court by a trust company for allowance of contested trustee's accounts rendered by it, this court on appeal from a decree on the accounts decided that the trust company was accountable to the trust respecting trust money imprudently kept on deposit in the trust company's commercial department long after it should have been invested and ordered further hearing in the Probate Court "only" for the purpose of ascertaining the amount for which trust company was accountable and entry of a new decree accordingly, and subsequently made a decision as to the proper method of ascertaining such amount and remanded the case for entry of the new decree, the Probate Court had jurisdiction in entering the decree thereafter not only to allow the accounts as modified in accordance with this court's decisions, but also, under G. L. c. 215, § 45, to award counsel fees to counsel for the contestants to be paid by the trust company. [455–456]

Upon an appeal, without a report of the evidence or a report of material facts, from a decree of a Probate Court allowing contested accounts of a trustee, as modified, following protracted litigation, it could not be said by this court that the amount of an award of counsel fees to counsel for the contestants to be paid by the trustee was excessive. [456]

PROCEEDING in the Probate Court for the county of Middlesex for allowance of accounts of the trustees under the will of Lewis Dewart Apsley, late of Hudson.

Following the decisions of this court reported in 334 Mass. 324 and 337 Mass. 482, there was an appeal from a decree entered by *Monahan,* J.

*Robert G. Dodge,* (*Eric Verrill* with him,) for The New England Trust Company.

*Daniel J. Triggs,* for the respondents.

COUNIHAN, J.   This is an appeal by The New England Trust Company, hereinafter called the trust company, from

part of a final decree of the Probate Court for Middlesex County, dated December 4, 1958. The part of the decree appealed from reads: "after hearing it is further . . . decreed that there be awarded as costs and expenses to Daniel J. Triggs, Esquire, counsel for Daniel J. Triggs, trustee, the sum of five thousand dollars, and to Daniel J. Triggs, Esquire, counsel for the estate of Laura Mary Heisler Lacy, the sum of twenty-five hundred dollars to be paid by said The New England Trust Company."

In the will of Lewis Dewart Apsley, Harriman A. Reardon and the trust company were bequeathed the sum of $200,000 in trust for certain purposes not here material. The principal at the time of the accounting was about $165,000. The trust company was the managing trustee of that trust.

Proceedings relative to the allowance of some of the accounts filed by the trustees have been before this court on two previous occasions. The decision of this court on the first occasion is reported in 334 Mass. 324, and in the opinion will be found a statement of facts relative to the delay in the distribution of the trust estate and to the appointment of Daniel J. Triggs as trustee. The decision in the second proceeding is reported in 337 Mass. 482. In the first decision we held that, notwithstanding an exculpatory clause in the Apsley will setting up the trust, the trust company as managing trustee was under a liability to the trust because it had failed to invest funds for an unreasonable time and had retained such uninvested funds and deposited them in a general account in its own "banking department" in the name of the trust company as trustee, executor, guardian "and so forth." No interest was credited on this deposit by the trust company. It was said at page 340 in that decision, "Whether or not the failure to invest would be a 'breach of trust' apart from the aspect of profit to the trustee, we hold that there is liability here to account for the profits which resulted from such withholding, or alternatively for the fair value of the use of the money . . . ." The rescript in the first decision provided, "Further hearing is to be had in the Probate Court for the purpose *only*

of ascertaining the net profits of the commercial department in the relevant periods, and, for alternative use, the fair value of the use of the deposited funds, and a new final decree is to be entered in accordance with the opinion" (emphasis supplied).

The second proceeding came before us upon a report by the probate judge without decision upon what amounted to a stipulation of the parties as to the facts. The purpose of it was to seek the construction and application of the rescript in the first decision. We held in the second decision that "in accordance with paragraph 4 of the stipulation . . . the amount with which the trust company is chargeable under this [first] alternative is $1,637.44 plus interest at six per cent per annum from September 19, 1951," and in the second alternative that paragraph 6 of the stipulation establishes that the total liability of the trust company for the fair value of the use of the money is $5,193.64 with interest at six per cent from September 19, 1951. The rescript in the second decision provided that the "case is remanded to the Probate Court for the entry of a final decree in accordance with the opinion."

The final decree now before us, in addition to the allowance of counsel fees to Mr. Triggs in the amounts hereinbefore set forth, allowed the accounts of the trustees as modified in accordance with the earlier decisions we have referred to.

The trust company argues that the Probate Court had no jurisdiction to award counsel fees because of the language of the rescripts. It strongly urges that the remand to the Probate Court was *only* for the purpose of ascertaining what amount of money was due from the trust company as managing trustee on account of the uninvested funds which it deposited in its "banking department." We do not agree.

In the first place it is to be noted that in neither of the two earlier decisions, which only involved the accounts of the Apsley trustees, was the allowance of counsel fees to Mr. Triggs mentioned in any way.

The jurisdiction of the Probate Court over costs under G. L. c. 215, § 45, continues until the entry of the final decree. *Untersee* v. *Untersee*, 299 Mass. 417, 424. *Hayden* v. *Hayden*, 326 Mass. 587, 595–596.

We are of opinion that despite the policy of restraint in the allowance of counsel fees in the matter of contested accounts (*Berkshire Trust Co.* v. *Booth*, 317 Mass. 331, 336) the award was justified in the instant case under § 45 which provides that "[i]n contested cases before a probate court . . . costs and expenses in the discretion of the court may be awarded to either party, to be paid by the other . . . as justice and equity may require . . . ." The underlying facts here are such that justice and equity support the award to Mr. Triggs. The use of the word "only" in the first rescript was with reference to the substantive changes in respect of the accounts and was not intended as a direction that counsel fees should not be allowed.

There has been uncertainty under § 45 as to the effect of a rescript which is silent as to costs. See Newhall, Settlement of Estates (4th ed.) § 33, note 18. Chapter 215, § 39B, removed the doubt as to allowances there dealt with. We think that power in the Probate Court exists under § 45 apart from express statutory direction.

The trust company contends that the award of counsel fees is excessive. But the evidence received in the Probate Court is not before us and there is no report of material facts. We must therefore assume that there was sufficient evidence, by way of either oral testimony or statements of counsel, to justify the amounts in the decree awarding counsel fees. *Lewis* v. *National Shawmut Bank*, 303 Mass. 187, 191–192. Unlike *Hayden* v. *Hayden*, 326 Mass. 587, in the instant case it is plain from the records in all of these proceedings that the issues involved were not without complexity and that Mr. Triggs engaged for a period of over six years in litigation which included two trials in the Probate Court and the two earlier proceedings before us, in an endeavor to recover for the estate more money than was ultimately embodied in the final decree in the present pro-

ceeding. We must not overlook the fact that all of this litigation was initially brought about by the manner in which the trust company handled the funds of the trust.

*Decree affirmed.*