LOUIS J. OSTRIC, administrator, *vs.* CHARLES DEL SORDO.  March 1, 1967.  The plaintiff administrator excepted to a directed verdict for the defendant Del Sordo in this action for damages for the conscious suffering and death of the minor intestate who was a passenger in a vehicle operated by one Russell in the town of Dartmouth.  The relevant evidence shows that Del Sordo, the intestate and another girl met Russell at 8 P.M. on February 13, 1965, that thereafter the intestate was in Russell's car and that the second girl was in Del Sordo's car.  After the men together bought two "six packs" of beer, they drove the cars to a parking spot where some beer was consumed.  They left at 10 P.M.  Del Sordo, followed by Russell, drove along Dartmouth Street at thirty miles an hour in a zone posted for that speed.  When there was no other moving traffic, Russell passed Del Sordo.  Russell was four or five car lengths ahead of Del Sordo when he lost control of his vehicle and crashed into a telegraph pole, causing injuries to the intestate which later resulted in her death.  A nearby resident and Russell helped the intestate to a house.  Del Sordo stopped his vehicle beyond the scene of the crash, picked up beer cans thrown into the road by the impact and removed the rest of the beer cans from Russell's car so that the police upon their arrival would not be suspicious.  The evidence shows no act or omission to act by Del Sordo which contributed to the accident.  It points solely to liability on the part of Russell, against whom the administrator already has recovered judgment.  The directed verdict was right.

*Exceptions overruled.*

*Louis J. Ostric,* pro se.
*Donald J. Fleming* for the defendant.


ANTHONY BENEDETTI & another *vs.* PATRICK J. HAGGERTY.  March 2, 1967.  The case was submitted on the auditor's report to a judge, sitting without a jury, who ordered judgments for the plaintiffs in the amounts found by the auditor.  There was no error.  There is nothing in the defendant's contention that the report does not show his negligence.  The finding that at an intersection the defendant, with ample time and an unimpeded view, so operated his automobile as to cause its front part to hit the left rear side of the automobile in which the plaintiffs were riding when that automobile had proceeded almost through the intersection amply supports the inference of negligence that underlies the orders in favor of the plaintiffs.

*Exceptions overruled with double costs.*

*George W. Stuart* for the defendant.
*J. Sheffield Dow* for the plaintiffs.


FRANCES F. TAYLOR, executrix, *vs.* ROBERT F. TAYLOR.  March 2, 1967.  This is an appeal from a decree of the Probate Court allowing three accounts.  The only issue before us is the reasonableness of the amount of the fee charged by the attorney for services rendered.  We have reviewed the judge's report of material facts and cannot say that he was plainly wrong.  *Crowell* v. *Styler,* 314 Mass. 122, 125–126.  *McMahon* v. *Krapf,* 323 Mass. 118, 124.

*Decree affirmed.*

*William D. K. Crooks, Jr.,* for Robert F. Taylor.
*Charles V. Hogan & Earle H. Smith,* for the accountant, submitted a brief.